FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2014 DEC 11  AM 10: 13
AUSTIN DIVISION

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

ZANE NEWTON,

               **Plaintiff,**

-vs-                                            **Case No.  A-14-CA-990-SS**

NEW CENTURY MORTGAGE CORPORATION
and JPMC SPECIALTY MORTGAGE LLC,
               **Defendants.**

---

## O R D E R

    BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JPMC Specialty Mortgage LLC's Motion to Dismiss [#5], Plaintiff Zane Newton's Response [#8] thereto, and Defendant's Reply [#9] thereto.  Having considered the documents, the governing law, and the file as a whole, the Court enters the following opinion and order GRANTING the motion.

### Background

    Plaintiff Zane Newton brings this action challenging Defendant JPMC Specialty Mortgage LLC's authority to foreclose on the property located at 2504 Loyola Lane, Austin, Texas 78723. This is the second action Newton has filed in this Court concerning the Loyola Lane property. *See Newton et al. v. JPMorgan Chase Bank, N.A. et al.*, No. A-13-CA-730-SS (W.D. Tex. 2013). Newton financed the purchase of the property with a home equity loan and on August 25, 2006, executed a note and Texas Home Equity Security Instrument (Deed of Trust) evidencing the transaction in favor of New Century Mortgage Corporation, the original lender. *See* Notice of

Removal [#1-1], Ex. A-2, Ex. 1 (Deed of Trust) at 1. The Deed of Trust named as beneficiary Mortgage Electronic Registration Systems, Inc. (MERS) "and the successors and assigns of MERS." *Id.* at 3.

New Century Mortgage Corporation filed for bankruptcy on April 2, 2007. *See id.* [#1-1], Ex. A-2, Ex. 3 (MERS Motion) at ¶ 1. MERS filed a motion in the bankruptcy court to compel New Century either to accept or reject their executory contract, *see id.*, the bankruptcy court granted the motion, *see id.* [#1-1], Ex. A-2, Ex. 4 (Order Granting MERS Motion), and on March 19, 2008, New Century sent MERS its notice of rejection of the contract, *see id.* [#1-1], Ex. A-2, Ex. 5 (Notice of Rejection).

Newton stopped making payments on his home equity loan in March 2012. In May 2012, and apparently in contravention of the bankruptcy court's order,[1] MERS assigned the Deed of Trust to JPMC by executing a Corporate Assignment of Deed of Trust and filing it in the Travis County real property records. *See* Def.'s Mot. Dismiss [#5-1], Ex. A (Assignment). Newton continues to occupy the property, despite being in default.

On October 9, 2014, Newton filed this action in the 98th Judicial District Court of Travis County, Texas, naming New Century and JPMC as defendants. Newton's complaint states New Century "is named nominally and will be served later." Notice of Removal [#1-1], Ex. A-2 (Orig. Pet.) at ¶ 4. JPMC removed the action to this Court on October 31, 2014, invoking this Court's diversity jurisdiction. *See id.* [#1] at 1–2. The instant motion to dismiss followed.

---

[1] *See Applin v. Deutsche Bank Nat'l Trust*, No. H-13-2831, 2014 WL 1024006 at *1 (S.D. Tex. Mar. 17, 2014) (discussing the New Century bankruptcy and MERS' subsequent assignment of a deed of trust). The bankruptcy court's final order is not in the record of this case.

## Analysis

### I.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.  Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully.  *Id.*  Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense."  *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, a court is not bound to accept legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations."  *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference,

and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

Newton's complaint alleges his loan was made in violation of the Texas Constitution because (1) the Texas Office of Consumer Credit Commissioner (Texas OCCC) never licensed New Century to do business at the specific address named in the Deed of Trust, in violation of Section 50(a)(6)(Q)(xi); and (2) the adjustable interest rate resulted in payments which were not relatively equal across the life of the loan, in violation of Section 50(a)(6)(L).  Additionally, Newton contests the validity of MERS's 2012 assignment of the Deed of Trust to JPMC on grounds MERS lacked the authority to make the assignment after New Century declared bankruptcy and rejected its contract with MERS.  On those theories, Newton brings claims for quiet title and violations of the Texas Finance Code and Texas Deceptive Trade Practices Act, and requests a declaratory judgment, accounting, temporary restraining order, and permanent injunction prohibiting JPMC from foreclosing on the property.  As both Newton's legal arguments lack merit, all of his claims against JPMC must be dismissed.

### A.   Alleged Violations of the Texas Constitution

Newton's claims concerning the alleged invalidity of his home equity loan under the Texas Constitution are time-barred.  A four-year limitations period governs claims, like Newton's, brought under Section 50(a)(6) of the Texas Constitution. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 673–74 (5th Cir. 2013); *see also Nunez v. CitiMortgage, Inc.*, No. A-14-CA-89-SS, 2014 WL 819463 at *1 (W.D. Tex. Mar. 3, 2014) (slip op.) (collecting cases).  For purposes of calculating the

date of accrual, the Fifth Circuit has held Section 50(a)(6) causes of action accrue on the date of closing of the home equity loan in question, as the legal injury occurs on that date. *Id.* at 675.

Consequently, Newton's causes of action under Section 50(a)(6) accrued on August 25, 2006, the date he closed on his home equity loan. As Newton filed suit well after August 26, 2010, the date the limitations period expired, his constitutional claims are untimely.

**B.      Validity of MERS's Assignment of the Deed of Trust to JPMC**

Newton's remaining claims fare no better, as Newton may not challenge the validity of MERS's assignment of the Deed of Trust to JPMC. MERS executed a facially valid assignment of the Deed of Trust to JPMS. *See* Assignment [#5-1], Ex. A. "[U]nder Texas law, facially valid assignments cannot be challenged by want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013); *see also Applin v. Deutsche Bank Nat'l Trust*, No. H-13-2831, 2014 WL 1024006 at *8 (S.D. Tex. Mar. 17, 2014) (citing *Reinagel*, 735 F.3d at 226; 29 WILLISTON ON CONTRACTS § 74:50 (4th ed. 2012) ("it cannot be assumed that the assignor is desirous of avoiding the assignment"). New Century has not challenged the assignment, and Newton may not do so.

The Fifth Circuit recently came to a similar conclusion in *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323 (5th Cir. 2014), which also involved New Century's 2007 bankruptcy. The obligors in *Golden* refinanced their home in 2006, obtaining a new loan from New Century secured by a deed of trust. *Id.* at 325. New Century, as noted, then went bankrupt. In 2010, a man purporting to act on behalf of a mortgage servicer "as attorney-in-fact for New Century" executed an assignment of the deed of trust to Wells Fargo. *Id.* The obligors later filed suit, arguing "that as part of its bankruptcy filing, New Century repudiated its agreement with [MERS] . . . , and that as

a result no one had authority to sign on behalf of New Century" thereafter. *Id.* The Fifth Circuit rejected the obligors' argument, concluding it failed under *Reinagel* as the assignment of the deed of trust was facially valid and New Century had not challenged it. *Id.* at 326.

Even if Newton could challenge the assignment, moreover, his argument concerning MERS's lack of authority given New Century's subsequent bankruptcy would fail. The Southern District of Texas has at least twice confronted circumstances like these—obligors whose original lender was New Century challenging assignments made to other entities by MERS following New Century's bankruptcy—and in both cases concluded MERS had the authority to make the assignment in question. In *Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 WL 200492 (S.D. Tex. Jan. 17, 2014), the obligor argued MERS's assignment "was void because MERS no longer retains any rights over the contract and because the assignment violated the automatic stay in bankruptcy." 2014 WL 200492 at *7. The *Khan* court rejected that argument, explaining because "MERS obtained its rights under the Deed of Trust in 2006, well before New Century's bankruptcy. . . , MERS had the authority, irrespective of New Century's legal status, to assign its interest in the mortgage to other entities." *Id.* at *8 (citing *Lindsay v. Wells Fargo Bank, N.A.*, 2013 WL 5010977, at *7–14 (D. Mass. Sept. 11, 2013)). Citing *Khan* and *Reinagel*, the *Applin v. Deutsche Bank National Trust* court reached the same conclusion. *See* 2014 WL 1024006 at *8.

Here, as in *Khan* and *Applin*, the Deed of Trust expressly contemplates MERS's ability to assign its rights to another entity, as the Deed of Trust names MERS and its "successors and assigns" as beneficiaries. Accordingly, MERS obtained its rights under the Deed of Trust in August 2006, and New Century's subsequent bankruptcy did not affect its authority to assign its interest to another entity. Newton's argument to the contrary is rejected.

-6-

Finally, the Court notes while New Century is a "nominal" defendant in this action, it is a defunct entity which was liquidated, or perhaps remains in the process of being liquidated, in bankruptcy.  It does not appear Newton has served New Century with process.  It is, furthermore, not clear from the record whether New Century remains a jural entity with the capacity to be sued. Consequently, the Court will afford Newton fourteen days from date of entry of this order to show cause why his claims against New Century which are not time-barred should not be dismissed for failure to prosecute.

### Conclusion

Accordingly,

IT IS ORDERED that Defendant JPMC Specialty Mortgage LLC's Motion to Dismiss [#5] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Zane Newton's claims, insofar as they are grounded in alleged violations of the Texas Constitution, are DISMISSED WITH PREJUDICE as time-barred;

IT IS FURTHER ORDERED that Plaintiff's remaining claims against Defendant JPMC Specialty Mortgage LLC are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted; and

IT IS FINALLY ORDERED that Plaintiff shall, within FOURTEEN (14) DAYS from date of entry of this order, show cause why his claims against Defendant New Century Mortgage Corporation which are not time-barred should not be dismissed for failure to prosecute.

SIGNED this the 11th day of December 2014.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE